**IJH LAW**
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E. ijhiraldo@ijhlaw.com
T. 657.200.1403

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLA MILLER, individually and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>JAXKELLY, INC.,<br><br>       Defendant. | No. **'24CV2303 JLS   AHG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Gabriella Miller brings this class action against Defendant JaxKelly, Inc. d/b/a JaxKelly alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA").

2.      To promote its goods and services, Defendant engages in unsolicited text messaging and continues to text message consumers after they have opted out of

Defendant's text messages.

3.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5.     Defendant is subject to personal jurisdiction in California because its primary place of business is in California.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7.     Plaintiff is now, and was at all relevant times, a citizen and resident of Saco, Maine.

8.     Plaintiff is now, and was at all relevant times, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number that received Defendant's unwanted messages.

9.     Defendant is now, and was at all relevant times, a California corporation with its principal place of business in San Diego, California.

10.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## **FACTS**

11.    Defendant sells handcrafted jewelry and candles.

12.    Defendant also engages in automated text message marketing to consumers' cell phones, even after consumers have requested to opt out of Defendant's marketing.

13.    Specifically, on or about November 13, 2021, Plaintiff opted into Defendant's marketing text messages by texting Defendant with the word "SUBSCRIBE76545" from Plaintiff's cellular telephone number ending in 3637 (the "3637 Number") to Defendant's telephone number (855) 855-6583.

14.    Thereafter, Plaintiff began to receive marketing text messages to the 3637 Number from Defendant.

15.    Subsequently, on or about January 28, 2023, Plaintiff requested that Defendant stop sending marketing text messages to the 3637 Number by texting the word "Stop" to Defendant's telephone number (855) 855-6583, as depicted in the below screenshot:



16.    However, Defendant ignored Plaintiff's opt-out request, and continued to send marketing text messages to the 3637 Number, as demonstrated below:



-4-

1

2

3

4

5

6

7

8

9

10

11

12




13    17.    As depicted above, Defendant transmitted a marketing text message to the

14    3637 Number on May 29, 2023, to which Plaintiff again responded with a "Stop" request

15    to opt-out of Defendant's messaging.

16    18.    Despite this, Defendant sent Plaintiff additional text messages on June 8,

17    2023, June 11, 2023, June 23, 2023, June 30, 2023, July 2, 2023, July 7, 2023, August

18    10, 2023, August 31, 2023, September 5, 2023, September 8, 2023, September 20, 2023,

19    October 7, 2023, October 14, 2023, October 15, 2023, November 8, 2023, November 24,

20    2023, November 27, 2023, December 2, 2023, December 7, 2023, December 15, 2023,

21    January 11, 2024, and January 14, 2024.

22    19.    As demonstrated by the above screenshots, the purpose of Defendant's text

23    messages was to solicit the sale of consumer goods and/or services.

24    20.    As demonstrated by the above screenshots, the purpose of Defendant's text

25    messages was to advertise, promote, and/or market Defendant's property, goods, and/or

26    services.

27    21.    As demonstrated by the above screenshots, Defendant does not honor

28    consumer requests to opt-out of text message advertisements.

22.    Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding to Defendant's messages with the word "stop", but instead of honoring the request, Defendant continued its solicitation efforts.

23.    Defendant sent at least two text marketing messages after Plaintiff's initial opt-out request.

24.    Plaintiff is the regular user of the 3637 Number that received the above text messages.

25.    Plaintiff utilizes the cellular telephone number that received Defendant's calls for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

26.    Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

27.    Defendant's failure to honor opt-out requests demonstrates that Defendant does not (1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

28.    Defendant's failure to (1) maintain the required written policies and procedures, (2) provide training to its personnel engaged in telemarketing, (3) maintain a standalone do-not-call list, and (4) honor consumer opt-out requests caused Plaintiff and the class members harm as they continued to receive text message advertisements after asking for those messages to stop.

29.    Plaintiff and the Class Members revoked any consent they may have previously provided to Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

30.    Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out

instruction in response to Defendant's text messages.

31.    Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

32.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

33.    Plaintiff brings this case on behalf of the Class defined as follows:

> **INTERNAL DO NOT CALL CLASS:** All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, (1) were sent more than one text message within any 12 month period, (2) regarding Defendant's goods, products or services, (3) to said person's residential cellular telephone number, (4) after making a request to Defendant to not receive further text messages by replying with a "stop" or similar opt-out instruction in response to Defendant's text message(s).

34.    Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

35.    Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

36.    Upon information and belief, Defendant has sent text messages to more than 50 persons after they opted out of Defendant's texts.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37.    Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

38. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.

39. Among the questions of law and fact common to the members of the Class are:

    a.    Whether Defendant sent text messages to Plaintiff and the Class members;

    b.    Whether the purpose of Defendant's text messages was to market its goods and services;

    c.    Whether Defendant continued to send text message after opt-out requests;

    d.    Whether Defendant maintains the policies and procedures required under section 64.1200(d);

    e.    Whether Defendants maintain an internal do-not-call list and instruct their employees on how to use the list; and

    f.    Whether Defendant is liable for damages, and the amount of such damages.

40. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant continues to send marketing text messages to consumers even after opt-out requests is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

41. Plaintiff's claims are typical of the claims of the Class Members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and Plaintiff has retained competent counsel. Accordingly,

Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

43.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

45.    Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46.    In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The

CLASS ACTION COMPLAINT

procedures instituted must meet the following minimum standards:

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47.    Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telemarketing calls or texts to wireless telephone numbers.

48.    Plaintiff and the Class Members made requests to Defendant not to receive

CLASS ACTION COMPLAINT

calls from Defendant.

49.     Plaintiff and the Class Members revoked any consent they may have previously provided Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

50.     Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. *See* 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call request * * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.")

51.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

52.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

53.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

54.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

55.     As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

56.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)     An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)     An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c)     An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)     An injunction requiring Defendant to cease all text messages made in violation of the TCPA, and to otherwise protect the interests of the Class;

e)     An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

f)     Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

1  Dated: December 11, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


**IJH LAW**

By: */s/ Ignacio Hiraldo*
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*

CLASS ACTION COMPLAINT