UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLA MILLER, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>YOTPO, INC.,<br><br>          Defendant.<br><br>―――――――――――――――――<br><br>JAXKELLY, INC.,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>YOTPO, INC.,<br><br>       Third-Party Defendant. | Case No.: 3:24-cv-02303-JLS-AHG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 19]** |

  Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for June 11, 2025. ECF No. 19.

1   Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties seek a 60-day continuance of the ENE and CMC. ECF No. 19. They explain that "[a] brief[1] continuance will permit the parties to explore informal resolution efforts before incurring the burden and expense of preparing for the ENE and C[MC]." *Id*. at 2. However, the parties do not expand further. The parties do not explain whether they had already begun settlement negotiations during the two months since the Court issued the Order setting the ENE, which could have shown diligence. The parties also do not explain what steps they plan to take during their proposed 60-day extension period. Further, the parties did not address whether they had complied with other deadlines in the Court's Order, such as the May 21, 2025, meet and confer deadline. *See* ECF No. 12 at 3. Again, this omission belies a finding of diligence. The Court also notes that the parties failed to

---

[1] The Court notes that a 60-day continuance of an ENE is not "brief." Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Unfortunately, the Court's calendar did not allow for compliance with the 45-day deadline in this case, and the Court set the ENE for the earliest date available on its calendar. If a 60-day continuance was granted, the ENE would occur 121 days after the first answer.

provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). Aside from being required, a declaration would have been helpful to the Court in resolving the many omissions noted above.

Upon due consideration, the Court does not find good cause for a continuance. Therefore, the Court **DENIES** the parties' joint motion. ECF No. 19. The Court finds that an "informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case," (ECF No. 12 at 2), would be beneficial to the parties at this time. The Court intends to use the ENE in this case to identify when settlement discussions will be most fruitful, whether the parties are interested in private mediation; and what information needs to be exchanged through informal discovery, or obtained through formal discovery, to have an effective settlement discussion. The Court will, however, modify the conferences as follows:

1. The ENE set for **June 11, 2025** at **2:00 p.m.** *via videoconference* before the Honorable Allison H. Goddard **remains on calendar**. However, instead of lasting all afternoon, counsel should plan for it to last approximately **one hour**.

2. Parties, party representatives, and claims adjusters for insured defendants are **EXCUSED** from attending the ENE. They may attend, but are no longer required. The primary attorney(s) responsible for the litigation are still required to attend.

3. The CMC and pre-CMC deadlines (such as the Joint Case Management Statement filing deadline, which was May 30, 2025) are **CONTINUED**. The Court will reschedule the CMC and its related deadlines during the ENE.

4. The deadlines for emailing to efile_goddard@casd.uscourts.gov the Confidential ENE Statements and Participant Lists, which were due on June 4, 2025 (*see* ECF No. 12 at 2, 5–6) are slightly continued to **June 5, 2025**. The ENE Statements need not be as thorough as they would be for an afternoon-long ENE.

1     5.    All other videoconference procedures and requirements set forth in the
2 Court's original Order setting the ENE and CMC remain in place. *See* ECF No. 12 at 4–6.
3     **IT IS SO ORDERED.**
4 Dated: June 4, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge